UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ESLEY D. CORNELIUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-CV-153 NCC |
| | ) | |
| BOB HOLDER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner currently incarcerated at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), seeks leave to proceed in forma pauperis in this civil action pursuant to 28 U.S.C. § 1915. The Court has reviewed plaintiff's certified account statement and will assess an initial partial filing fee of $.70.[1] After reviewing the complaint, the Court will appoint counsel and ask counsel to submit an amended complaint in this action.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[1] The Court assesses an initial partial filing fee of $.70, which is twenty percent of his average monthly deposit of $3.53.

alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff, Esley Cornelius, III, an inmate at ERDCC, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights during his pretrial detainment at the Dunklin County Jail. Names of the defendants are: Bob Holder, Sheriff of Dunklin County; Nicole Galloway (Green), Dunklin County Jail Administrator, and John and Jane Does, Staff at Dunklin County Jail. Plaintiff brings this action against defendants in their official and individual capacities.

Plaintiff asserts that between the dates of September 22, 2012 and September 26, 2012, he was detained at Dunklin County Jail. He claims that he was "severely beaten" by another inmate in E-Pod at the Jail in front of Dunklin County Jail Officer Ariel Doe and two other Jane Does (Staff Correctional Officers). Plaintiff asserts that his jaw was broken as a result of the incident, and he was transported to the local hospital for treatment.

Plaintiff alleges that the local hospital believed that his injuries were "too severe" and that he should be treated at Barnes Jewish Hospital in St. Louis, where he was taken by Sheriff Bob Holder. Plaintiff claims he was at Barnes Jewish Hospital from September 22, 2012 until September 24, 2012, until he was asked if he "had an insurance card." Plaintiff states that the correctional officers guarding him spoke to Jail Administrator Nicole Galloway on the phone

about the insurance matter and thereafter he was told they were leaving the hospital. Plaintiff asserts that he was returned to Dunklin County Jail without having his broken jaw fixed.

Plaintiff claims that two days later, his attorney was able to work with the prosecutor to lower his bond to have him released from custody in order to have him returned to Barnes Jewish Hospital to have his jaw surgery done under his own medical insurance. Plaintiff claims he had to have titanium plates placed in his lower jaw in order to fix his injury.

Plaintiff asserts that the defendant correctional officers failed to protect him from an attack from the other inmate in violation of the Eighth Amendment, which resulted in a serious physical injury to his jaw. He also claims that defendants were deliberately indifferent to his serious medical needs in violation of the Fourteenth and Eighth Amendment in that they failed to get him proper treatment for his jaw and then delayed the treatment when they did not want to pay for the jaw surgery at Barnes Jewish Hospital.

Plaintiff also brings a failure to train/supervise claim against the John and Jane Joe Correctional Officers in this matter. Plaintiff seeks monetary damages.

## Discussion

The Court believes that plaintiff's complaint states serious allegations against several defendants in this action, and plaintiff could benefit from appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $.70 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[2]

**IT IS FURTHER ORDERED** that plaintiff's motions for appointment of counsel [Doc. #6 and #8] are **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to supplement his complaint and to compel [Doc. #10] is **DENIED** without prejudice, given that the Court is appointing counsel in this matter.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to appoint plaintiff counsel pursuant to the Plan for the Appointment of Pro Bono Counsel. A separate Notice of Appointment of Pro Bono Counsel shall be entered by the Clerk.

**IT IS FURTHER ORDERED** that appointed counsel shall file an amended complaint within sixty (60) days of receipt of a copy of the Court file.

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint, this matter shall be reviewed in accordance with 28 U.S.C. § 1915 for frivolousness, maliciousness and for failure to state a claim upon which relief may be granted.

Dated this 6th day of February, 2018.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE

---

[2] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).