UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| ESLEY D. CORNELIUS, III | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-CV-153 NCC |
| | ) | |
| BOB HOLDER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the amended complaint. After reviewing the amended complaint, the Court will partially dismiss the amended complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the amended complaint.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

### The Amended Complaint

Plaintiff, Esley D. Cornelius, III, an inmate currently incarcerated at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights during his pretrial incarceration at the Dunklin County Jail.

Plaintiff names as defendants in this action: Bob Holder (Sheriff, Dunklin County); Tasha Nicole Green (Dunklin County Jail Administrator); Ariel Doe; Alicia Doe; and Dunklin County Officer Jane Does 1-2 and John Does 1-2. Plaintiff brings this action against defendants in their official and individual capacities.

Plaintiff asserts that between the dates of September 22, 2012 and September 26, 2012, he was detained at Dunklin County Jail. He claims that he was "severely beaten" by another

inmate[1] in E-Pod at the Jail right in front of Dunklin County Jail Officer Ariel Doe and two other Jane Doe Correctional Officers.[2] Plaintiff asserts that the assault occurred in front of the staff office where officers monitored the security cameras at "all times." He states that these officers failed to properly intervene in the assault on plaintiff, and as a result, his jaw was broken in the incident, and he had to be transported to the local hospital for treatment. Plaintiff states, in a conclusory manner, that defendants lacked "training and supervision" in dealing with the assault by the other inmate. He claims that the "bubble officers," presumably Jane Does 1-2 and Ariel Doe and Alicia Doe, should have been able to break up the assault, but instead they continued to watch the inmate beat plaintiff from two feet away.

Plaintiff alleges that the local hospital believed that his injuries were "too severe," and he was then taken to Barnes Jewish Hospital in St. Louis for treatment by Sheriff Bob Holder and two John Doe Correctional Officers.

Plaintiff claims he was at Barnes Jewish Hospital from September 22, 2012 until September 24, 2012, until he was asked if he had insurance. Plaintiff states that the correctional officers guarding him spoke to Jail Administrator Nicole Green on the phone about the insurance matter and thereafter he was told by the two John Doe Correctional Officers that they were leaving the hospital without having his jaw fixed. Plaintiff believes that Nicole Green and Bob Holder did not let Barnes Jewish Hospital treat him for his broken jaw, but instead brought him back to the Jail without obtaining treatment.

---

[1] Plaintiff states in the amended complaint that the inmate who assaulted him on September 22, 2012, Willie Doe, was charged and convicted of assault.

[2] The Court is unsure if whether one of the Jane Doe Correctional Officers plaintiff is referring to is Alicia Doe, who is mentioned later in plaintiff's amended complaint as having failed to protect plaintiff from the assault, or if Jane Does 1 and 2 are simply additional defendants.

Plaintiff claims that when he returned to Dunklin County Jail on the evening of September 24, 2012, he was placed in a single holding cell where he was "neglected."[3] He was purportedly still suffering from a broken jaw, which he claims was infected, and was not being fed correctly, and was only sleeping on a mattress. Plaintiff alleges that his mother hired a local attorney to work with the prosecutor to lower his bond to have him released from custody in order to have him returned to Barnes Jewish Hospital to have his jaw surgery done under his own medical insurance. Plaintiff claims he had to have titanium plates placed in his lower jaw in order to fix his injury.

Plaintiff asserts that the defendant correctional officers failed to protect him from an attack from the other inmate in violation of the Eighth Amendment, which resulted in a serious physical injury to his jaw. He also claims that defendants were deliberately indifferent to his serious medical needs in violation of the Fourteenth and Eighth Amendment in that they failed to get him proper treatment for his jaw and then delayed the treatment when they did not want to pay for the jaw surgery at Barnes Jewish Hospital.

Plaintiff also brings a failure to train/supervise claim against Bob Holder and Nicole Green. Plaintiff seeks monetary damages.

## Discussion

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical

---

[3] Plaintiff does not state exactly which correctional officers "neglected him" at the Dunklin County Jail, or who exactly failed to properly provide him with medical treatment once he returned to the Jail.

-4-

needs and that defendants actually knew of but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).[4] The Court believes plaintiff has sufficiently stated enough factual allegations to plead individual capacity claims for deliberate indifference to his serious medical needs in violation of the Eighth Amendment, as well as claims for delays in treating his serious medical needs, with regards to defendants Bob Holder, Nicole Green, and John Does 1 and 2.[5]

Plaintiff's claims against these individuals in their official capacities, however, are subject to dismissal, as plaintiff has not alleged that a custom or policy of Dunklin County resulted in a violation of his Constitutional rights. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). As such, plaintiff's official capacity claims for deliberate indifference to his medical needs and delay in his medical care, in violation of the Eighth Amendment, against Bob Holder, Nicole Green and John Does 1-2 are subject to dismissal.

---

[4] When, as in the instant case, "the inmate alleges that a delay in medical treatment rises to the level of an Eighth Amendment violation, 'the objective seriousness of the deprivation should also be measured by reference to the effect of delay in treatment.'" *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir.2005) (quoting *Beyerbach v. Sears*, 49 F.3d 1324, 1326 (8th Cir.1995) abrogated on other grounds by *Johnson v. Jones*, 515 U.S. 304 (1995)). "To establish this effect, the inmate 'must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment ... [,]'" *id.* (quoting *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir.1997)), unless the medical need would be obvious to a layperson, *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir.2011) (finding that new bedsores, some of which were infected and odoriferous, lack of grab bars, inadequate changes of dressings, and no bathing of paraplegic prisoner presented need for medical attention that would be obvious to lay person).

[5] In general, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). In this case, the identities of John Does 1 and 2 are reasonable ascertainable, as they are the correctional officers who accompanied plaintiff from Barnes Jewish Hospital back to Dunklin County Jail on September 24, 2012. The Court will allow plaintiff time to discover the identity of John Does 1 and 2, prior to effectuating service on these defendants.

Plaintiff's failure to train claims against Bob Holder and Nicole Green are also subject to dismissal. Under a failure to train theory, a defendant may be liable for deficient policies for training and supervising another defendant if: (1) he had notice of the inadequacies[6], (2) his failure to train in a relevant respect evidences a deliberate indifference to the rights of others, and (3) the alleged deficiency in training procedures actually caused plaintiff's injuries. *See City of Canton v. Harris*, 489 U.S. 378, 390 (1989); *Larson by Larson v. Miller*, 76 F.3d 1446, 1454 (8th Cir.1996).

A plaintiff may, under a theory of direct liability, maintain a civil rights claim against a correctional official whose failure to train, supervise, direct or control actions of subordinate is such that it constitutes deliberate indifference to plaintiff's needs. *See Moyers v. Buescher*, 806 F.Supp. 218, 220 (E.D. Mo. 1992). However, "[a] supervisor may not be held liable under § 1983 for the constitutional violations of a subordinate on a respondeat superior theory." *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001) (citing *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir.1995)). Rather, "a supervisor's liability arises if 'he directly participates in a constitutional violation or if a failure to properly supervise and train the offending employee caused a deprivation of constitutional rights.'" *Id.* (quoting *Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir.1996) (citations omitted)); *see also Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997).

In the case at bar, plaintiff does not allege that defendants Bob Holder and Nicole Green directly participated in the violation of his constitutional rights, but rather claims they are liable in a supervisory capacity for Ariel Doe, Alicia Doe and Jane Doe 1-2's purported failure to protect/intervene in the assault by the inmate against him. However, plaintiff has not alleged that

---

[6] A defendant may have notice that his training practices are inadequate by two means: (1) where the failure to train "is so likely to result in a violation of constitutional rights that the need for training is patently obvious," *Larkin v. St. Louis Hous. Auth. Dev. Corp.*, 355 F.3d 1114, 1117 (8th Cir.2004), and (2) where a pattern of misconduct indicates that the defendant's responses to a regularly recurring situation are insufficient to protect constitutional rights. *City of Canton*, 489 U.S. at 390 (1989).

Bob Holder or Nicole Green were in charge of training the aforementioned defendants in dealing with inmate fights, nor that there was a pattern of inmate altercations at the Dunklin County Jail that necessitated better training by the officials in charge. Plaintiff's conclusory statement that the "failure to train" by those in charge at the Dunklin County Jail assisted in leading to his injuries from the assault by another inmate, is simply too conclusory and must be dismissed. *Iqbal*, 129 S. Ct. 1949 (2009).

Last, the Court will address plaintiff's failure to protect claims, which also arise under the Eighth Amendment. To state a failure-to-protect claim, a plaintiff is required to allege that defendants were aware of facts from which they could infer the existence of a substantial risk of serious harm to him, they actually drew the inference, and they failed to take reasonable steps to protect him. *See Farmer v. Brennan*, 511 U.S. 825, 836-38, 844 (1994). Assault by a fellow inmate constitutes "serious harm." *Jensen v. Clarke*, 94 F.3d 1191, 1198 (8th Cir. 1996). A single incident of violence may, in some circumstances, support a failure-to-protect claim. *See Young v. Selk*, 508 F.3d 868, 870-73 (8th Cir. 2007) (discussing potential for substantial risk where inmate told officials of cellmate's threats, requested to be removed from cell immediately, said it was an emergency, and was subsequently attacked).

In this case, plaintiff alleges that he was attacked by another inmate immediately in front of a security bubble, within two feet of several officers. He identifies the correctional officers as Ariel Doe, Alicia Doe and Jane Does 1-2 who were sitting in the "bubble of security cameras" in front of the staff office, on September 22, 2012. Plaintiff claims that these officers failed to reasonable steps to protect him from assault from the other inmate, as shown by his significant injury to his jaw. He brings his claims against these defendants in both their individual and official capacities.

The Court will issue process on plaintiff's failure to protect claims against these four defendants in their individual capacities only, as plaintiff has not alleged that a custom or policy of Dunklin County resulted in a violation of his Constitutional rights. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). Thus, plaintiff's official capacity claims against defendants will be dismissed. And once again, because the Jane Doe defendants have been identified with some specificity, the Court will allow plaintiff time for discovery in order to identify the names of these defendants prior to issuing process on these individuals.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to plaintiff's individual capacity claims against defendants Bob Holder and Nicole Green for denial of medical care and delay in medical care in violation of the Eighth Amendment. These individuals shall be served with summons at the Dunklin County Jail.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants John Does 1-2 for denial of medical care and delay in medical care in violation of the Eighth Amendment survive initial review, pursuant to 28 U.S.C. § 1915, however, service cannot be effectuated on these individuals at this time. Plaintiff will be required to provide the Court with the proper names of these John Doe defendants within sixty (60) days of the entry of the Case Management Order in this action so that service may be effectuated. Plaintiff's failure to do so will result in a dismissal of these individuals pursuant to Federal Rule of Civil Procedure 4(m).

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to plaintiff's individual capacity claims against defendants Correctional Officer Ariel Doe and Correctional Officer Alicia Doe for failure to protect plaintiff in violation of the Eighth Amendment. These individuals shall be served with summons at the Dunklin County Jail.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Jane Does 1-2 for failure to protect plaintiff in violation of the Eighth Amendment survive initial review, pursuant to 28 U.S.C. § 1915, however, service cannot be effectuated on these individuals at this time. Plaintiff will be required to provide the Court with the proper names of these Jane Doe defendants within sixty (60) days of the entry of the Case Management Order in this action so that service may be effectuated. Plaintiff's failure to do so will result in a dismissal of these individuals pursuant to Federal Rule of Civil Procedure 4(m).

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Bob Holder, Nicole Green, Alicia Doe and Ariel Doe shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to plaintiff's official capacity claims for denial of medical care, delay in medical care or for failure to protect because these claims are legally frivolous or fail to state a claim upon which relief can be granted, or both. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to plaintiff's failure to train or failure to supervise claims because these claims are legally frivolous or fail to state a claim upon which relief can be granted, or both. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that this case is assigned to Track 5: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 19th day of April, 2018.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE